UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JESSE SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-37 JVB |
| | ) | |
| TODD PEKNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment [DE 48] filed on March 3, 2010, by Defendant United States of America ("the government").

**A. Procedural and Factual Background**

On February 25, 2010, this Court entered summary judgment against Plaintiff Jesse Snider and in favor of defendants Karin Nowatzke, Lori Anderson, and Brian Fisher (collectively "USPS defendants") on all claims, except Count 16, which alleged that the USPS defendants tortiously engaged in intentional infliction of emotional distress ("IIED") [DE 45]. As to Snider's IIED claim, the Court provided the USPS defendants thirty days to comply with the procedural scheme set forth in the Federal Tort Claims Act, as amended ("FTCA"), in order to determine whether the claim should have been asserted exclusively against the government under 28 U.S.C. § 2679(b)(1) and (d)(2). Thereafter, the Attorney General's designee, the United States Attorney, certified that the USPS defendants were acting within the scope of their employment as supervisory employees of the United States Postal Service at the time of the incident giving rise to this suit [DE 46, 46-1, and 46-2]. With the exclusive remedy for Snider's

IIED claim being against the government, *see* 28 U.S.C. § 2679(b)(1), the government was "deemed" substituted as the defendant. *See* 28 U.S.C. § 2679(d)(2).

The government, now defending against Plaintiff's IIED claim, asserts that it is entitled to summary judgment because Plaintiff did not first file an administrative claim with the United States Postal Service. Plaintiff, although represented by counsel and responsive to the previous summary judgment motions, did not respond to the government's summary judgment motion.

The Court incorporates the relevant factual background detailed in its Opinion and Order dated February 25, 2010 (DE 45), except to add the following undisputed facts: Plaintiff alleges that the government tortiously committed IIED by engaging in the "extreme and outrageous conduct" of "trespassing upon Snider's land and chattels, falsely arresting and imprisoning Snider, maliciously prosecuting Snider, depriving and conspiring to deprive Snider of his constitutional rights, unlawfully searching Snider's property, defaming Snider, and depriving Snider of his employment." (DE 1, Complaint ¶¶ 132, 133).

Prior to making this IIED claim against the USPS defendants, now against the government as substituted, Plaintiff did not file an administrative claim with the United States Postal Service. Plaintiff did not contest the government's substitution of itself as the defendant, suggest that the USPS defendants' conduct fell outside of the scope of their employment, or dispute his failure to file an administrative claim.

**B. Legal Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

2

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**C. Discussion**

The FTCA allows an individual to bring suit against the government in federal court for:

> [I]njury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, before a plaintiff may file suit asserting an FTCA claim, the plaintiff must first exhaust any available administrative remedies. *See Palay v. U.S.*, 349 F.3d 418, 425 (7th Cir. 2003); *Kanar v. U.S.,* 118 F.3d 527, 528 (7th Cir. 1997); *see also* 35A AM. JUR. 2D *Federal Tort Claims Act* § 161 (2010).

Administrative remedies are exhausted when the claimant has presented the claim to the appropriate federal agency and that agency denied the claim. 28 U.S.C. § 2675(a). A claim is presented when the agency receives a Standard Form 95, or other written notification of the incident, along with a claim for money damages stemming from the incident. 28 C.F.R. § 14.2(a). Merely commencing an action in state court against an individual employee does not satisfy the statutory requirement of first presenting the claim to the appropriate administrative agency. *Henderson v. U.S.*, 785 F.2d 121, 125 (4th Cir. 1986) (plaintiff's state court complaint did not satisfy the statutory requirement of filing an administrative claim with the Postal Service). Failure to present the claim to the proper federal agency prior to commencing suit "mandates dismissal of the claim." *Palay*, 349 F.3d at 425 (citing *McNeil v. U.S.*, 508 U.S. 106, 113 (1993)).

Here, Snider requests damages resulting from the intentional infliction of emotional

distress. The declaration submitted by the government indicates that Snider has not filed an administrative claim with the United States Postal Service. Because Snider has not presented any evidence indicating that he sought administrative review of his tort claim before coming to Court as required by the FTCA, his IIED allegation must be dismissed. *See, e.g., Klein v. Potter*, 43 Fed.Appx. 960, 962 (7th Cir. 2002) (dismissing plaintiff's claim of IIED for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a))[1]; *Chapman v. U.S. Marshal for the N.D. of Ill.*, 584 F.Supp.2d 1083, 1088-89 (N.D. Ill. 2008); *Gocke v. Potter*, 2007 WL 2757266, at *2-3 (S.D. Ind. Sept. 19, 2007).

The government also argues that Snider's IIED claim fails because the FTCA's limited waiver of sovereign immunity does not apply to the conduct of which Snider complains. However, the government recognizes, as does this Court, that it is not necessary to reach this argument because Snider failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). *See Frey v. E.P.A.*, 270 F.3d 1129, 1136 (7th Cir. 2001) (reasoning that the failure to exhaust under 28 U.S.C. § 2675 constitutes an inherent defect in the plaintiff's state law claims against the EPA, and therefore the claims were properly dismissed).

Because Snider failed to respond to the government's motion or contest the fact that he failed to properly exhaust administrative remedies prior to filing his claim for IIED, the Court accepts the facts presented by the government as true. The undisputed facts establish that Snider did not first present his IIED claim to the appropriate federal agency; thus, Snider cannot proceed in this Court and summary judgment is mandated in favor of the government on Count

---

[1] This unpublished opinion is not treated as mandatory precedent. *See* Fed. R. App. P. 32.1; U.S. Ct. of App. 7th Cir. Rule 32.1.

16.

**D. Conclusion**

For the foregoing reasons, Defendant United States of America's Motion for Summary Judgment [DE 48] is GRANTED. There being no pending claims against Defendant United States of America, it is dismissed as a defendant in this lawsuit.

Additionally, per the certification by the Attorney General (DE 46-1, 46-2) and the notice of substitution filed by the United States Attorney (DE 46), pursuant to 28 U.S.C. § 2679(d)(2), the Clerk is ORDERED to have the docket accurately reflect the substitution of the United States of America for Defendants Karin Nowatzke, Lori Anderson, and Brian Fisher regarding Snider's claim in Count 16 of the complaint alleging IIED. Because Count 16 was the only claim remaining against Defendants Nowatzke, Anderson, and Fisher, these defendants are dismissed from this lawsuit.

SO ORDERED on May 12, 2010.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN
> UNITED STATES DISTRICT JUDGE